IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-46-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOBY FRANKLIN HEATH | ) | |

This cause comes before the Court on defendant's motion for commutation of sentence and the government's motion to dismiss. Defendant has failed to respond to the motion to dismiss within the time provided, and the matters are ripe for ruling. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

Defendant is currently serving a term of 240 months' imprisonment after pleading guilty to one count of Hobbs Act robbery and one count of being a felon in possession of a firearm. 18 U.S.C. §§ 1951; 922(g) and 924. [DE 47]. Defendant filed the instant motion requesting commutation of his sentence so that he can go home and be a force for good in North Carolina.

## DISCUSSION

The power to commute a federal criminal sentence is reserved to the President of the United States. U.S. Const. art. II, § 2, cl. 1; *see also Schick v. Reed*, 419 U.S. 256, 264 (1974); *United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017). In the absence of any authority to issue a commutation, the Court lacks jurisdiction to consider defendant's request.

Insofar as defendant seeks to modify his sentence, "[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824

(2010) (internal quotation marks omitted) (alteration in original). These limited circumstances include a motion by the Director of the Bureau of Prisons based on "extraordinary and compelling reasons" and defendant's advanced age, or a reduction in sentence due to Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Otherwise, to attack the validity of a criminal sentence, a defendant must proceed under 28 U.S.C. § 2255.

As defendant has cited no legal basis which would support modification of his sentence at this time, he has failed to state a claim and his motion is properly dismissed.

## CONCLUSION

For these reasons, the government's motion to dismiss [DE 81] is GRANTED and defendant's motion for commutation [DE 74] is DISMISSED.

SO ORDERED, this 13 day of June, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE